ORIGINAL

# In the United States Court of Federal Claims

No. 14-1016C
(Filed: January 9, 2015)

FILED
JAN - 9 2015
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

STACY ALLEN TAYLOR,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff, Stacy Allen Taylor, brings this action *pro se* and requests leave of court to proceed *in forma pauperis*. We grant plaintiff's request to proceed *in forma pauperis* solely for the purpose of filing this lawsuit. Defendant filed a motion to dismiss the plaintiff's complaint on December 3, 2014. For the reasons set out below, we grant defendant's motion to dismiss the complaint for lack of subject-matter jurisdiction.

Plaintiff filed a handwritten complaint on October 17, 2014, making a series of allegations against agents of the Central Intelligence Agency, officials of the Federal Bureau of Investigation, the United States Secret Service, and the United States Department of Justice. The essence of what he alleges is that these individuals were responsible, among other things, for the deaths of Ambassador Christopher Stevens and others in the Islamic militants' attack on the United States consulate in Benghazi, Libya and the bombing at the Boston Marathon. Plaintiff seeks reinstatement of witness protection, asylum, and immunity, which he claims to have been promised in February 2010 by federal officials, including the Attorney General, Eric Holder, Jr. In addition, plaintiff

asks for compensation of $1 billion to be divided between the victims of wrongful deaths, plaintiff, and plaintiff's family.

On December 3, 2014, defendant filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6), respectively, of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff filed an opposition to defendant's motion on December 15, 2014, which was followed by defendant's reply on December 19, 2014.

We note that plaintiff appears without an attorney. Plaintiff's "inartfully pleaded" complaint, therefore, shall be held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Even in light of such leniency in the application of the rules of the court, the jurisdictional defects present on the face of the complaint, however, cannot be overlooked.[1]

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), the primary statute that governs the jurisdiction of this court, states that we possess jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." In other words, the court can entertain plaintiff's claim only if plaintiff can demonstrate that a contract with the United States government under which the plaintiff is due payment exists, or, if a statute, a regulation, or a constitutional provision "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983)).

Plaintiff makes a series of allegations against various members of the United States government, which include "wrongful deaths and murders," "conspiracy to act and ignore sets of terrorism," "conspiracy to commit murder of a U.S. official," "conspiracy to kidnap and murder," and "violation of his asylum/informant/witness protection contract." Compl., pp. 1-2. We lack

---

1. Plaintiff bears the burden of proving that the Court of Federal Claims possesses jurisdiction. *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001) (citing *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991)).

subject matter jurisdiction to adjudicate such claims because they all sound in tort. *Thompson v. United States*, 99 Fed. Cl. 21, 26 (2011) ("The Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims.").[2]

For the foregoing reasons, we conclude that plaintiff's complaint does not state a cause of action within this court's jurisdiction. Accordingly, we grant defendant's motion. The Clerk is directed to dismiss the complaint and enter judgment accordingly.

ERIC G. BRUGGINK
Judge

---

2. In the alternative, even if we were to assume jurisdiction, plaintiff's claims cannot survive defendant's rule 12(b)(6) challenge. It is a well-settled rule that dismissal of a complaint under RCFC 12(b)(6) is proper "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Plaintiff's complaint does not meet that standard because its claims are bound by the doctrine of res judicata.

Defendant directs our attention to the ruling by the United States Court of Appeals for the Federal Circuit, which affirmed this court's earlier dismissal with prejudice of plaintiff's nearly identical complaint from May 2014. *Taylor v. United States*, 568 Fed. Appx. 890 (Fed. Cir., Aug. 5, 2014) (order granting defendant's motion to summarily affirm *Taylor v. United States*, No. 14-393C (Fed. Cl. May 9, 2014)).

Plaintiff alleged in the first complaint that CIA agents were behind acts of terrorism in recent years, including the Boston Marathon bombing and the Benghazi attack. This court dismissed the plaintiff's first *in forma pauperis* action for being "frivolous" pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). *Taylor v. United States*, No. 14-393C (Fed. Cl. May 9, 2014).

3